May Term,
1840.

BLONT
v.
PROCTOR.

---

### BLONT v. PROCTOR.

Suit by *John Proctor*, the payee, against the maker of a promissory note. Plea, that the note was given to one *Nathan Proctor*, and taken in the plaintiff's name by said *Nathan*, in consideration of 400 dollars in counterfeit bank-bills, sold by said *Nathan* to the defendant; that the bills were of no value; and that said *Nathan* knew, at the time of the sale, that the bills were counterfeit. *Held*, on general demurrer, that the plea was good.

ERROR to the *Jay* Circuit Court.

BLACKFORD, J.—Debt on a promissory note for 100 dollars, brought by *John Proctor*, the payee, against *Blont*, the maker. Plea, that the note was given to one *Nathan Proctor*, and taken in the plaintiff's name by said *Nathan*, in consideration of 400 dollars in counterfeit bank-bills, sold by the said *Nathan* to the defendant; that the bills were of no value; and that the said *Nathan* knew, at the time of the sale, that the bills were counterfeit. General demurrer to the plea, and judgment for the plaintiff below.

This is a plain case. The plea shows that there was no valid consideration for the note. The contract was void as against public policy.

*Tuesday,*
*May 26.*

VOL. V.—34

It is contended, that the defendant ought not to be permitted to set up his own immoral or illegal conduct as a defence to the note. The answer to that·is, that the law refuses its aid in these cases, not for the sake of the defendant, but upon general principles of policy. 2 Kent's Comm. 467.

It is also contended, that as the consideration did not move from the plaintiff, the defence is not applicable to him. But if the consideration is bad, it cannot be material from whom it moved.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Kennedy*, for the plaintiff.

*J. S. Newman*, for the defendant.